UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: NATASHA MORA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION,<br><br>Respondent,<br><br>and<br><br>CHRISTOPHER M. KLEIN, United States Bankruptcy Judge, BLACK HORSE CAPITAL, FINE CAPITAL INVESTMENTS, et al.,<br><br>Real Party in Interest | No. 2:25-cv-2299-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

On August 29, 2025, the undersigned issued Findings and Recommendations to deny the Petition for Writ of Mandamus and Request for Emergency Relief ("Mandamus Petition") (ECF No. 1), and a Motion for a Temporary Restraining Order ("TRO Motion") (ECF No. 3). ECF No. 5 at 20-21. Petitioner has since filed objections to the Findings and Recommendations (ECF No. 6), a Renewed Motion for a Temporary Restraining Order ("Renewed TRO Motion") (ECF Nos.

1

7, 10),[1] and a First Amended Petition for Writ of Mandamus ("FAP") (ECF No. 8). The undersigned now recommends that the FAP be stricken or dismissed and the Renewed TRO Motion be denied.

When recommending denial of the Mandamus Petition, the Court explained that although federal district courts largely lack the authority to issue writs of mandamus, a narrow exception allows a district judge to exercise *appellate* mandamus review of a bankruptcy court order. ECF No. 5 at 9; Fed. R. Civ. P. 81(b); Moore's Federal Practice 3d, § 204.05[2] (2024). The Court therefore reviewed Bankruptcy Judge Christopher Klein's (1) denial of Petitioner's motion for derivative standing in the Chapter 11 bankruptcy proceedings concerning a corporate entity of which she is a shareholder; and (2) sanctions order prohibiting Petitioner from filing suit in any forum nationwide without permission until May 7, 2027. ECF No. 5 at 1-2 (citing ECF No. 1 at 44, 54-57). Judge Klein had found Petitioner to be a vexatious litigant, given a litigation history including various civil actions filed in both this District's Bankruptcy Court and the Southern District of California. Judge Klein determined this was part of an ongoing and relentless effort by Petitioner to protect her interest in a luxury residence (the "Residence") that is—or was, given that the Residence sold in a foreclosure sale in August 2024—part of the bankruptcy estate. ECF No. 5 at 3, 13-14. The Court recommended denying mandamus relief, largely because "Petitioner has not shown clear legal error" and because Petitioner could appeal Judge Klein's orders (which she has apparently not done). *Id.* at 16.

The TRO Motion sought to stop the further sale of the Residence and of Petitioner's personal property, which was within the Residence when she was evicted after refusing to leave the Residence even after the foreclosure sale. *Id.* Aside from its mostly conclusory allegations, the Court found the TRO Motion procedurally defective because it sought to enjoin entities like Fine Capital Investments, Inc. ("Fine") and Black Horse Capital Inc. ("Black Horse"), who were not named as real parties in interest in the Mandamus Petition. *Id.* at 16-17 (citing *Havens v. James*, 76 F.4th 103, 111 (2d Cir. 2023); *Whole Woman's Health v. Jackson*, 595 U.S. 30, 44

---

[1] Petitioner filed the same version of the Renewed TRO Motion twice.

1  (2021)). The Court also noted that Petitioner's request to "stop any further sale concerning the
2  Residence" exceeded the scope of mandamus review and effectively sought to undermine prior
3  court rulings. ECF No. 5 at 19. It therefore ordered Petitioner to file notice of her Petition in the
4  ongoing bankruptcy proceedings, "for Judge Klein to determine in the first instance whether
5  Petitioner has engaged in contempt and whether further sanctions are warranted." *Id.* at 20. It
6  also warned Petitioner that upon this action's dismissal, refiling such an action might prompt this
7  Court to issue its own Order to Show Cause as to why it should not sanction her directly. *Id.*

8        The FAP's stated purpose is "to restructure and expand upon the arguments so that the
9  central focus is placed squarely on the Trustee's Deed Upon Sale" for the Residence. ECF No. 8
10 at 6. It names real estate entities like Fine and Black Horse as real parties in interest in an attempt
11 to cure the procedural deficiencies of the original TRO Motion. *Id.* at 7. It then reiterates the
12 TRO Motion's allegations of equity-stripping, insider reallocation, fraudulent conveyance, and
13 civil RICO violations. *Id.* at 10-12, 14, 17-18. The Renewed TRO Motion similarly argues that
14 Petitioner is likely to succeed on claims for "Void Sale," fraudulent conveyance, predatory
15 lending, and civil RICO violations. ECF No. 7 at 6-7.

16       Individually and collectively, the FAP's amendments defy the Court's explanation that its
17 mandamus authority is limited to reviewing Judge Klein's orders, including his order enjoining
18 Petitioner from filing any other civil action. *See* ECF No. 5 at 1-2, 9. Whereas the original
19 Mandamus Petition challenged whether Judge Klein acted in accordance with the law, the FAP is
20 just the latest in Petitioner's long line of direct challenges to the transfer of title to the Residence.
21 In the FAP only in name is this District's Bankruptcy Court still the respondent against whom
22 Petitioner seeks relief, rather than the entities holding title to the Residence.

23       Petitioner argues that the Court has jurisdiction over the private entities now named as
24 "Real Parties in Interest" in the FAP pursuant to 28 U.S.C. § 1361 and 28 U.S.C. § 1651. ECF
25 No. 8 at 6. That is incorrect. Section 1361 only authorizes writs of mandamus over "an officer or
26 employee of the United States or any agency thereof," not private entities like Black Horse and
27 Fine. *See* ECF No. 5 at 9 n.4 (explaining limits of § 1361 and its clear inapplicability to this
28 case). Nor does the All Writs Act, 28 U.S.C. § 1651, grant courts the authority to act where they

3

1  otherwise have none. "The All Writs Act is an 'extraordinary remedy,' and it does not 'enlarge' a
2  court's jurisdiction. Under the All Writs Act, a court may only issue writs 'necessary or
3  appropriate in aid of' its existing jurisdiction." *Doe #1 v. Trump*, 458 F.Supp.3d 1220, 1223 (D.
4  Or. 2020) (quoting *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999). Here, again, appellate-type
5  mandamus jurisdiction existed only for this Court to review the challenged orders issued by Judge
6  Klein, which the Court has already done through the earlier Findings and Recommendations. The
7  All Writs Act cannot expand that initial, limited mandamus jurisdiction into a wide-ranging
8  action against private entities.

9  The Court therefore recommends striking the FAP, or in the alternative denying it as with
10 the original Mandamus Petition. Without a viable underlying petition, the Court also
11 recommends denial of the Renewed TRO Motion as moot. *See Patrick v. Altshuler*, 2017 WL
12 4539273, at *6 (E.D. Cal. 2017) ("A district court may not issue preliminary injunctive relief
13 without primary jurisdiction over the underlying cause of action.") (citing *Sires v. State of Wash.*,
14 314 F.2d 883, 884 (9th Cir. 1963)). As before, Petitioner is admonished that if she attempts to
15 file another civil action against any holder of title to the Residence without prior consent from
16 Judge Klein or this District's Chief Bankruptcy Judge, this Court might then issue an Order to
17 Show Cause as to why she should not be sanctioned for violating Judge Klein's sanctions order.
18 *See* ECF No. 5 at 20.

19 **IT IS HEREBY RECOMMENDED** that:

20 1. Petitioner's Amended Petition for Writ of Mandamus (ECF No. 8) be **STRICKEN**, or
21    alternatively **DISMISSED**;
22 2. Petitioner's Renewed Motion for a Temporary Restraining Order (ECF Nos. 7, 10) be
23    **DENIED**; and
24 3. This action be dismissed and this case be closed.

25 These findings and recommendations will be submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days**
27 after being served with these findings and recommendations, plaintiff may file written objections
28 with the court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." The plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE